COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN RE | § | No. 08-14-00290-CR |
| | § | ORIGINAL PROCEEDING |
| ARMANDO MADRID, | | ON PETITION FOR WRIT OF |
| | § | MANDAMUS |
| RELATOR. | | |
| | § | |

## MEMORANDUM OPINION

Relator, Armando Madrid, a Texas inmate, has filed a petition for writ of mandamus against the Honorable Martin Muncy, Judge of the 109th District Court of Andrews County, Texas, alleging that Respondent has failed to appoint counsel to represent him in a post-conviction proceeding under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 64.01-64.05 (West Supp. 2014)(setting forth procedures related to motion for forensic DNA testing). We deny mandamus relief.

To obtain mandamus relief, Relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial District Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). Relator raises two related complaints in his mandamus petition: (1) an attorney has not been appointed to represent Relator following the withdrawal of his attorney; and (2) he has not been notified of the results of the DNA testing previously ordered by the 109th District Court in cause number 4716, styled *The*

*State of Texas v. Armando Madrid*.

Article 64.01(c) provides that a convicted person is entitled to counsel during a proceeding under Chapter 64. TEX.CODE CRIM.PROC.ANN. art. 64.01(c). The record reflects that Respondent signed an order on June 5, 2014 permitting Relator's court-appointed attorney to withdraw. The State concedes that another attorney was not appointed to represent Relator. The Court has been provided with a copy of an order signed by Respondent on November 6, 2014 appointing an attorney to represent Relator in cause number 4716. That attorney has also made an entry of appearance on Relator's behalf in this original proceeding. Given that counsel has been appointed to represent Relator in the Chapter 64 proceedings, we conclude that Relator's request for mandamus relief related to the appointment of counsel is moot.

Relator also alleges that he has not been advised of the results of the DNA testing. Article 64.04 requires the convicting court to examine the testing results, hold a hearing, and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted. *See* TEX.CODE CRIM.PROC.ANN. art. 64.04. The record does not affirmatively reflect that the DNA testing has been completed or that the trial court has failed to conduct the hearing required by Article 64.04 within a reasonable period of time after completion of the DNA testing. We conclude that Relator has not presented sufficient evidence to establish he is entitled to mandamus relief. Accordingly, the requested mandamus relief is denied.

January 9, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)